UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| USA | ) | |
| | ) | No. 1:23-cr-00028-1 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Young B. Kim |
| v. | ) | |
| | ) | |
| Jeff McGraw | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Initial appearance and arraignment hearing held. Defendant appeared in court in response to a writ. The court finds that Defendant is unable to afford counsel. Enter Order appointing Joshua Adams of the CJA panel as counsel for Defendant. The court advised Defendant of his rights. Defendant acknowledged receipt of the Indictment and entered a plea of not guilty to the charge pending against him in the Indictment. Rule 16. 1(a) conference to be held by February 10, 2023. Pretrial motions and joint status report due by March 3, 2023.  Status hearing before the assigned District Judge is set for March 10, 2023, at 8:30 a.m.  According to the assigned District Judge's standard practice, if pre-trial motions are filed, the parties should be prepared to argue the motions at the status hearing, although the court will consider a request by the government to file a written response and by Defendant to file a reply.  The government's oral motion to exclude time is granted for the reason stated in open court and the time until the next status hearing before the assigned District Judge shall be excluded pursuant to 18 U.S.C. §3161(h)(7)(A). Defendant did not oppose this motion to exclude time. The government moved for pretrial detention and Defendant waived his right to a detention hearing. Defendant's waiver is without prejudice and he may move at a later time for pretrial release on conditions. The government's motion for pretrial detention is granted.  Once Defendant is released from IDOC custody and is remanded to federal custody, he will be committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings. Finally, pursuant to Fed. R. Crim. P. 5(f)(1), the government is ordered to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, as it has an

affirmative duty to disclose both impeachment and exculpatory evidence favorable to Defendant and material to guilt and/or punishment. In the event the government fails, the court may sanction the government by excluding witnesses or evidence, limiting the scope of permitted testimony, issuing jury instructions adverse to the government, declaring a mistrial, dismissing the charges, and holding contempt proceedings.

(T:00:10)

Date: February 3, 2023

_____
Young B. Kim
United States Magistrate Judge