


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** | ) <br> ) | |
| | ) | **23 CR 28** |
| **v.** | ) | **Honorable Edmond E. Chang** |
| | ) | |
| **JEFF McGRAW,** <br> **Defendant.** | ) <br> ) | |

**PLEA DECLARATION**

The defendant, JEFF McGRAW, after consultation with his attorney, Yelena A. Dolgosheeva, acknowledges and states the following:

1. The indictment in this case charges Mr. McGraw with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

2. Mr. McGraw has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney. Specifically, it is Mr. McGraw's understanding that the following are the elements of an offense under 18 United States Code, Section 922(g)(1).

a. Mr. McGraw knowingly possessed a firearm;

b. At the time of the possession Mr. McGraw had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

c. At the time of the possession Mr. McGraw knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

d. The firearm had been shipped or transported in interstate or foreign commerce before Mr. McGraw received it.

3. Mr. McGraw will plead guilty because he is in fact guilty of the charge contained in the

indictment. In addition, Mr. McGraw admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about July 14, 2022, Mr. McGraw carried a firearm in Calumet City, which is located in the Northern District of Illinois, Eastern Division. At the time of possession of the fiream Mr. McGraw knew that he had previously been convicted of crimes punishable by a term of imprisonment exceeding one year, specifically reckless discharge of a firearm and conspiracy to commit murder. The firearm that Mr. McGraw had on his person was a Glock 45 9mm, semi-automatic pistol, bearing serial number BHYZ683. Mr. McGraw knowingly possessed this firearm. Mr. McGraw further acknowledges that this firearm had traveled in interstate and foreign commerce prior to his possession of said firearm.

**Potential Penalties**

4. Mr. McGraw understands that the charge to which he is pleading guilty carries the following statutory penalties:

a. A maximum sentence of 15 years' imprisonment. This offense also carries a maximum fine of $250,000. Mr. McGraw further understands that the Court may also impose a term of supervised release of not more than three years.

b. Pursuant to Title 18, United States Code, Section 3013, Mr. McGraw will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

**Sentencing Guidelines Calculations**

5. Mr. McGraw understands that, at the sentencing hearing, the Court will be guided by the United States Sentencing Guidelines. He understands that the guidelines are advisory only and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater

than necessary" to comply with the purposes set forth in Title 18, United States Code, Section 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guidelines range. Mr. McGraw understands that the applicable sentencing guidelines range is one factor which this Court is required to take into consideration under Title 18, United States Code, Section 3553(a)(4), along with the other required factors under § 3553(a).

**Offense Level Calculations**

6. Mr. McGraw is aware that the following guidelines might apply to his case:

a. The base offense level is 20, pursuant to Guideline § 2K2.1(a)(4) because the offense involved a machinegun. Mr. McGraw understands that it is government's position that the offense involved a machinegun and that he committed any part of the instant offense subsequent to sustaining one felony conviction for a crime of violence, namely, conspiracy to commit murder. Consequently, it is government's position that his base offense level is 22, pursuant to Guideline § 2K2.1(a)(4)(B).

b. Mr. McGraw understands that it is government's position that he used or possessed a firearm in connection with another felony offense and his offense level should be increased by 4 levels, pursuant to Guideline § 2K2.1(b)(6)(B).

c. Mr. McGraw understands that it is government's position that he willfully attempted to obstruct or impede the grand jury investigation into the offense of conviction and that his offense level should be increased by 2 levels, pursuant to Guideline § 3C1.1.

d. It is Mr. McGraw's position that he has accepted responsibility for his actions and that he has done so in a timely manner. Therefore, it is Mr. McGraw's position that a 3-level reduction is appropriate, pursuant to Guidelines §§ 3E1.1(a) & (b).

**Criminal History Category**

7. With regard to the criminal history points and criminal history category, based on the facts now known, Mr. McGraw has 4 criminal history points and his criminal history category is III.

a. On or about March 19, 2015, Mr. McGraw was convicted of reckless discharge of a firearm, endangering the bodily safety of an individual, in the Circuit Court of Cook County, Illinois, and sentenced to two years' special probation. Pursuant to Guideline § 4A1.1(c), Mr. McGraw receives 1 point for this sentence.

b. On or about July 24, 2019, Mr. McGraw was convicted of conspiracy to murder, in the Circuit Court of Cook County, Illinois, and sentenced to 14 years' imprisonment. Pursuant to Guideline § 4A1.1(a), Mr. McGraw receives 3 points for this sentence.

**Anticipated Advisory Sentencing Guidelines Range**

8. It is defense's position that with offense level of 17 and criminal history category III, Mr. McGraw's advisory guideline range is 30-37 months' imprisonment, in addition to any supervised release and fine the Court may impose.

9. Mr. McGraw acknowledges that the above calculations are preliminary in nature and based on facts known at the time of this plea declaration. Mr. McGraw understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in the calculation or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or

misinterpretations by submitting a statement to the probation office and/or Court, setting forth the disagreements regarding the applicable provisions of the guidelines.

11. Mr. McGraw reserves the right to request a downward departure or variance on any grounds he deems appropriate. He understands that any decision to depart or vary from the applicable guideline range lies solely with the discretion of the Court.

12. Mr. McGraw understands that the Court is neither a party to nor bound by this Declaration and may impose a sentence up to the maximum penalties as set forth above. Mr. McGraw further acknowledges that if the Court does not accept the sentencing recommendation of the defendant, he will not have a right to withdraw his guilty plea.

**Trial Rights and Appellate Rights**

13. Mr. McGraw understands that by pleading guilty he surrenders certain rights, including the following:

a. If Mr. McGraw persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Mr. McGraw has a right to a jury trial. However, in order for the trial to be conducted by the judge sitting without a jury, Mr. McGraw, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Mr. McGraw and his attorney would have a say in removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that

Mr. McGraw is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of Mr. McGraw's guilt beyond a reasonable doubt.

d. At trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Mr. McGraw. Mr. McGraw would be able to confront government's witnesses and his attorney would be able to cross-examine them. In turn, Mr. McGraw could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for Mr. McGraw would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, Mr. McGraw would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Mr. McGraw desired to do so, he could testify in his own behalf.

14. Mr. McGraw understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Mr. McGraw's attorney has explained those rights to him, and the consequence of his waiver of those rights. Mr. McGraw further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty, the effectiveness of counsel, and the sentence imposed.

**Limitations and Consequences of this Plea Declaration**

15. Mr. McGraw understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding the charge against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. McGraw further understands that he and his attorney will be able to present evidence in mitigation at sentencing.

16. Mr. McGraw understands that at the time of sentencing, he and his attorney, and the government, will be free to make their respective recommendations to the Court as they believe are appropriate.

17. Should the Court refuse to accept Mr. McGraw's plea of guilty, this Plea Declaration will become null and void and he will not be bound thereto. It is Mr. McGraw's position that, should the Court decline to accept his guilty plea, Mr. McGraw will withdraw his plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, pursuant to Rule 11(f) and Federal Rule of Evidence 410, this Plea Declaration and the ensuing court proceedings would be inadmissible in later court proceedings.

18. If accepted, Mr. McGraw agrees that this Plea Declaration will be filed and become a part of the record of the case.

19. Mr. McGraw understands that, if convicted, and he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

20. Mr. McGraw and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr.

McGraw further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 23 day of September, 2024

By: ______________________
Jeff McGraw, Defendant

By: ______________________
Yelena A. Dolgosheeva, Attorney for Jeff McGraw

DolTer Law, P.C.
Mailing Address: P.O. Box 5382, Buffalo Grove, Illinois 60089
Telephone: 847-208-4348
Fax: 312-267-1810
E-mail: dolgosheeva2002@yahoo.com