# EXHIBIT 4

```
STATE OF ILLINOIS   )
                    ) SS:
COUNTY OF C O O K   )

       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
             COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE        )
STATE OF ILLINOIS,       )
                         )
                         )
          vs.            )
                         )
JEFF MCGRAW,             )   NO: 2015CR0893201
                         )
          Defendant.     )
```

REPORT OF PROCEEDINGS had at the hearing of the above-entitled cause, before the Honorable CARL BOYD, one of the Judges of said Division, on the 24th day of July, 2019.

PRESENT:

MS. KIMBERLY M. FOXX,
STATE'S ATTORNEY OF COOK COUNTY, by
MS. CHERYL SCHROEDER,
Assistant State's Attorney,
    Appeared on behalf of the People;

MR. JEFF MCGRAW,
    Appeared Pro Se.

*****

Rhonda E. Carter, CSR, RPR
Official Court Reporter
Circuit Court of Cook County, Illinois
Criminal Division

1

```
 1              THE CLERK:  Jeff McGraw.
 2              THE COURT:  Before the bench is Jeff McGraw who
 3    is representing himself pro se.
 4              Who is here on behalf of the State?
 5              MS. SCHROEDER:  Cheryl Schroeder on behalf of
 6    the People.
 7              Judge, I had discussions with the defendant
 8    who is pro se, and it is my understanding in exchange
 9    for me amending the count to conspiracy to commit murder
10    the defendant will plead guilty to 14 years Illinois
11    Department of Corrections.
12              THE COURT:  Is that your understanding,
13    Mr. McGraw?
14              MR. MCGRAW:  Yes, sir.
15              THE COURT:  Mr. McGraw, as you stand here today
16    are you under the influence of any drugs or alcohol that
17    impairs your ability to understand and appreciate the
18    nature of today's proceedings?
19              MR. MCGRAW:  No, sir.
20              THE COURT:  How old are you today, sir?
21              MR. MCGRAW:  25.
22              THE COURT:  Let me ask you or inform you there
23    is a jury waiver that needs to be executed.
24              Mr. McGraw, I am showing you a document
```

1   that is entitled Jury Waiver.
2               Do you know what a jury trial is?
3        MR. MCGRAW: Yes, sir.
4        THE COURT: And by signing the document do you
5   understand that you are freely and voluntarily waiving
6   your right to a trial by a jury?
7        MR. MCGRAW: Yes, sir.
8        THE COURT: Do you understand that you would
9   also be waiving your right to a trial before me, the
10  judge?
11       MR. MCGRAW: Yes, sir.
12       THE COURT: Right now the State has amended
13  Count 1, and you are charged with conspiracy to commit
14  murder, and that that occurred on or about May 4, 2015,
15  here in Cook County.
16              Do you understand that charge?
17       MR. MCGRAW: Yes, sir.
18       THE COURT: As to the charge of conspiracy to
19  commit murder that occurred on May 4 here in Cook
20  County, are you pleading guilty or not guilty?
21       MR. MCGRAW: Guilty.
22       THE COURT: Once again this is the Jury Waiver
23  that has been signed by you?
24       MR. MCGRAW: Yes, sir.

```
1      THE COURT: And as I explained to you, by
2  signing that document you understand that you are
3  waiving your right to a trial before a jury or a trial
4  before me?
5      MR. MCGRAW: Yes, sir.
6      THE COURT: You are also waiving your right to
7  see and hear witnesses that would testify against you.
8      Do you understand?
9      MR. MCGRAW: Yes, sir.
10     THE COURT: You are waiving your right to
11 remain silent and require the State to prove you guilty
12 beyond a reasonable doubt.
13     Do you understand?
14     MR. MCGRAW: Yes, sir.
15     THE COURT: This is a Class 1 offense which
16 means that if I incarcerate you I could sentence you to
17 prison anywhere between 4 to 15 years, followed by two
18 years of mandatory supervised release and a fine up to
19 $25,000.
20     Do you understand?
21     MR. MCGRAW: Yes, sir.
22     THE COURT: Further I have to apprise you that
23 as a result of pleading guilty to this matter, this
24 could have an impact on your ability to obtain housing,
```

employment, as well as an occupational license.

Do you understand?

MR. MCGRAW: Yes, sir.

THE COURT: Further as a consequence of pleading guilty the sentence for any future conviction may be increased, or there is a higher possibility of something called a consecutive sentence.

Do you understand that?

MR. MCGRAW: Yes, sir.

THE COURT: Has anybody threatened you to plead guilty?

MR. MCGRAW: No, sir.

THE COURT: Throughout these -- has anybody made any promises to you in exchange for your plea of guilty?

MR. MCGRAW: No, sir.

THE COURT: Okay. Throughout these proceedings you have been representing yourself; is that correct?

MR. MCGRAW: Yes, sir.

THE COURT: And that was based on your own free will and volition. That is what you wanted to do.

Do you understand?

MR. MCGRAW: Yes, sir.

THE COURT: Do you further understand that the

```
 1  State is not acting as your attorney?  You understand
 2  that?
 3          MR. MCGRAW:  Yes, sir.
 4          THE COURT:  Do you feel as though this process,
 5  during this process you have been treated fairly?
 6          MR. MCGRAW:  Yes, sir.
 7          THE COURT:  You have also had the opportunity
 8  to review all the discovery in this case prior to taking
 9  this plea today?
10          MR. MCGRAW:  Yes, sir.
11          THE COURT:  And you also had an opportunity to
12  review videotapes that the State may have introduced
13  against you in this case; is that correct?
14          MR. MCGRAW:  Yes, sir.
15          THE COURT:  And you have done that on more than
16  one occasion?
17          MR. MCGRAW:  Yes, sir.
18          THE COURT:  So the plea that you are entering
19  into, are you doing this freely and voluntarily?
20          MR. MCGRAW:  Yes, sir.
21          THE COURT:  Okay.
22                 State, factual basis.
23          MS. SCHROEDER:  Judge, if the State were to
24  proceed to trial, the evidence would show that on
```

1  May 4th of 2015 at approximately 1:00 in the afternoon
2  this defendant and the codefendant was at a convenience
3  store named Smily's in Calumet City.
4      The evidence would show that while they
5  were in the convenience store, Jerome Burt had a
6  conversation with the defendant and two of the
7  codefendants and displayed a weapon; that when these
8  defendants got into the car, they conspired to go and
9  get a weapon and go back after Jerome Burt.
10     The evidence would show that a phone call
11 was made, that guns were brought down to the car by the
12 codefendant Brittney DuPree, that once they had the guns
13 they drove around until they found Jerome Burt.  At that
14 time they found him.  Efrin Hale (phonetic) then took
15 the gun and got into a shootout with Jerome Burt.  The
16 evidence would show that Efrin Hale died as a result of
17 that conspiracy.
18     The defendant would be identified in open
19 court as the individual that was a part of this
20 conspiracy, and they would testify all of this happened
21 in the County of Cook, State of Illinois.
22     THE COURT:  That is the evidence that would be
23 presented against you.
24     Do you agree or disagree with that

```
 1  rendition of the facts in this case?
 2          MR. MCGRAW: Disagree.
 3          THE COURT: You disagree?
 4          MR. MCGRAW: Yes, sir.
 5          THE COURT: Okay. Is there something not
 6  truthful about what the State said?
 7          MR. MCGRAW: Yes. I did not -- excuse me. I'm
 8  really sick. Yes, about me, my -- my participation in
 9  the crime. I had no participation in it whatsoever.
10          THE COURT: Well, let me say this, Mr. McGraw:
11  It's alleged that there's some type of conspiracy that
12  you were involved in, a conspiracy to commit the murder.
13  It is not alleged that you were the shooter in this
14  case.
15          Now, it's my understanding that you had a
16  conversation with the State's Attorney regarding this
17  plea today; did you not?
18          MR. MCGRAW: Yes, sir.
19          THE COURT: So did you -- it was the Court's
20  understanding that you had reached an agreement with the
21  State in this matter. Is that correct?
22          MR. MCGRAW: Yes, sir.
23          THE COURT: So I understand that you were not
24  the shooter involved in the case, but the issue is
```

```
 1   whether or not you somehow were involved in the
 2   conspiracy to commit that resulted in the murder of
 3   Mr. Efrin Hale.
 4            MR. MCGRAW: Yes, sir.
 5            THE COURT: So that's the question. Were you
 6   involved in the conspiracy that resulted in the murder?
 7            MR. MCGRAW: Yes, sir.
 8            THE COURT: Okay. So let the record reflect
 9   that the defendant understands the nature of the charge
10   against him, the possible penalties of his case under
11   the law. I believe that the plea has been given freely
12   and voluntarily, and I believe that a factual basis
13   exists for the plea.
14            The plea will be accepted. There will be a
15   finding of guilty, Mr. McGraw, to conspiracy to commit
16   murder, and I will enter a Judgment on that finding.
17            Now, also I have in my hand a waiver of a
18   Presentence Report. Is that your signature?
19            MR. MCGRAW: Yes, sir.
20            THE COURT: By signing that document --
21   ordinarily I would get a Presentence Report prepared by
22   the Adult Probation Department in this case, but by you
23   signing that document you are waiving your right to the
24   Presentence Investigation Report that I would review
```

```
 1  prior to sentencing you.
 2               Do you understand?
 3       MR. MCGRAW: Yes, sir.
 4       THE COURT: Okay. State, do you accept the
 5  waiver?
 6       MS. SCHROEDER: I do, Judge.
 7       THE COURT: I understand that there is an
 8  agreement, but is there anything else you need to say in
 9  aggravation of this case?
10       MS. SCHROEDER: The only thing I would say in
11  aggravation, Judge, is he did have a pending probation.
12  It's a Class 4 pending. I am making no representation
13  in terms of that probation in whether they are going to
14  violate it or not. It is a Class 4, I don't think --
15       THE COURT: All right. Mr. McGraw, is there
16  anything you wish to say before I impose sentence in
17  this case?
18       MR. MCGRAW: No, sir.
19       THE COURT: Okay. Do you have any family
20  members here in court with you?
21       MR. MCGRAW: Yes.
22       THE COURT: Okay.
23       MR. MCGRAW: All right.
24       THE COURT: So you are doing this in the
```

```
 1  presence of your family?
 2          MR. MCGRAW:  Yes, sir.
 3          THE COURT:  And you have had an opportunity to
 4  consult with them prior to entering into today's plea?
 5          MR. MCGRAW:  Yes, sir.
 6          THE COURT:  All right.  How many days credit
 7  does Mr. McGraw have?
 8          MS. SCHROEDER:  I have to figure that out,
 9  Judge.  It is over four years.
10          THE COURT:  Okay.  Mr. McGraw, in exchange for
11  your plea of guilty I am sentencing you to 14 years in
12  the Illinois Department of Corrections to be served at
13  50 percent.  Following serving your time in the Illinois
14  Department of Corrections you will be placed on
15  two-years mandatory supervised release.  You will
16  receive credit for time spent in custody, and that
17  credit is 1,542 days.
18          Do you understand?
19          MR. MCGRAW:  Yes, sir.
20          THE COURT:  Now, you do have a right to appeal.
21  If you wish to appeal within 30 days of today's date you
22  must file either a motion to withdraw today's plea of
23  guilty or you could also file a petition to challenge
24  the sentence I have just imposed.
```

```
 1                   Do you understand?
 2         MR. MCGRAW:  Yes, sir.
 3         THE COURT:  I could do one of two things.  I
 4  could either grant your motion to vacate and we could
 5  vacate today's judgment and conviction, or I could
 6  modify the sentence I have just entered in this case.
 7                   Do you understand?
 8         MR. MCGRAW:  Yes, sir.
 9         THE COURT:  If I deny both of those motions,
10  then within 30 days of the date of that denial you must
11  file a written Notice of Appeal.  Any issue that you
12  fail to raise during the initial appeal is waived for
13  appeal purposes; and if you are indigent, a copy of
14  today's transcript will be given to you free of charge
15  along with an attorney appointed to represent you during
16  your appeal.
17                   Do you understand?
18         MR. MCGRAW:  Yes, sir.
19         THE COURT:  Is there anything else, State?
20         MS. SCHROEDER:  No, Judge.
21         THE COURT:  Okay.  Mitt to issue.  Thank you.
22  Thank you, Sheriff.
23                   Counts 2 through 6 are motion State nolle
24  pros.
```

```
 1    MS. SCHROEDER: Correct.
 2    MR. MCGRAW: Count 1 was amended.
 3    THE COURT: Count 1 was amended to conspiracy.
 4
 5        (WHICH WERE ALL THE PROCEEDINGS HAD)
 6
 7                      *****
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

```
 1  STATE OF ILLINOIS   )
                        ) SS:
 2  COUNTY OF C O O K   )

 3      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
           COUNTY DEPARTMENT-CRIMINAL DIVISION
 4

 5          I, RHONDA E. CARTER, an Official Court Reporter
 6  in the Circuit Court of Cook County, County Department,
 7  Criminal Division, do hereby certify that I reported in
 8  shorthand the proceedings had at the hearing of the
 9  aforementioned cause; that I thereafter caused the
10  foregoing to be transcribed, which I hereby certify to
11  be a true and accurate transcript taken to the best of
12  my ability of the proceedings had before the Honorable
13  CARL BOYD, Judge of said Court.
14
15
16
17
18                    RHONDA E. CARTER, CSR, RPR
                      Official Court Reporter
19                    CSR# 084-002316
20
21
22
23
24
```

14